IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| ELKHORN HOT SPRINGS, INCORPORATED, and PATTY LOVASS, President,<br><br>        Plaintiffs,<br><br>vs.<br><br>Bureau of Land Management, Dillon Field Office, *et al.*<br><br>        Defendants. | CV-06-76-BU-CSO<br><br>**ORDER** |

On October 11, 2006, Plaintiff Patty Lovass ("Lovass"), President of Elkhorn Hot Springs, Incorporated ("Elkhorn") filed a Complaint and Summons against Defendants on behalf of Elkhorn and herself.[1]

Lovass may choose either to secure counsel or to appear *pro se.* As an incorporated entity, however, Elkhorn cannot proceed *pro se.* See *L.R. 83.15(b)*; D-Beam Ltd. Partnership v. Roller Derby Skates, Inc., 366 F.3d 972, 974 (9th Cir. 2004) (holding that "It is a longstanding rule that corporations and other

---

[1] The Court notes that it is unsure whether Lovass intended to file this case solely on behalf of Elkhorn as its president, or on behalf of Elkhorn and herself. The caption of the Complaint only lists Elkhorn as the Plaintiff. However, the summons lists both Elkhorn and Lovass as Plaintiffs. Accordingly, the Court assumes that Lovass intended to file this case on behalf of Elkhorn and herself.

-1-

unincorporated associations must appear in court through an attorney") (citations and internal quotation marks omitted); U.S. v. High Country Broad. Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam), *cert. denied*, 513 U.S. 826 (1994) (holding that a corporation's president and sole shareholder could not intervene *pro se* rather than retain counsel to represent the corporation); State ex rel. Freebourn v. Merchants' Credit Serv., 104 Mont. 76, 66 P.2d 337, 342 (1937) (overruled in part on other grounds by, Rae v. Cameron, 112 Mont. 159, 114 P.2d 1060 (Mont. 1941)) (holding that "It is everywhere held that a corporation can never be authorized to practice law itself....").

Accordingly, IT IS HEREBY ORDERED that:

(1) On or before **Friday, December 15, 2006,** Plaintiff Elkhorn Hot Springs, Incorporated shall file a notice with the Court identifying its counsel of record or, in the alternative, indicating what efforts have been made to secure counsel.  Notice should also be filed clarifying whether Lovass intends to pursue this Complaint as an individual Plaintiff.

(2) If no notice is filed on or before December 15th, the Court will recommend that Elkhorn be dismissed from this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to comply with this Court's order.

(3) The Clerk of Court shall not issue any summons in this case until further ordered to do so by the Court.

DONE and DATED this 16th day of October, 2006.

                                          **/s/** Carolyn S. Ostby
                                          Carolyn S. Ostby
                                          United States Magistrate Judge